### PEOPLE v. LOSEE.

(Supreme Court, General Term, Second Department.    May 14, 1894.)

Action by the people against Harriet Losee.
Argued before BROWN, P. J., and DYKMAN and CULLEN, JJ.
No opinion.    Judgment affirmed.    All concur.

---

### PEOPLE ex rel. SMITH v. HAYDEN, Commissioner.

(Supreme Court, General Term, Second Department.    May 14, 1894.)

Proceeding by the people, on the relation of W. B. Smith, against Henry Hayden, commissioner.
Argued before BROWN, P. J., and DYKMAN and CULLEN, JJ.
No opinion.    Order affirmed, with costs.    All concur.

---

### PIPER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, General Term, Second Department.    May 14, 1894.)

Action by Elwin S. Piper against the New York Central & Hudson River Railroad Company.

Jackson & Burr (Joseph A. Burr, of counsel), for appellant.
Saunders, Webb & Worcester (Thorndike Saunders and Edwin D. Worcester, Jr., of counsel), for respondent.

DYKMAN, J.    This is a motion for a reargument of the appeal to the general term in this action.    The basis of the application is that the question involved was misapprehended by the court, and the point in issue is stated in the points of the defendant upon this motion to be that the plaintiff, in view of the darkness, and of the knowledge which he had that the door was open, was bound to take extra precautions, and that, so far from taking such precautions, he went along in the usual way.    It cannot be said fairly that the question was overlooked by the court in deciding the appeal.    What we decided was that the questions involved were for the determination of the jury, and upon that subject this language was used in the opinion: "We think that it cannot be said, as a matter of law, that the plaintiff, upon discovering the darkness of the toilet room, should have returned to the body of the car, found the porter, and waited until the room was lighted.    The question of contributory negligence, therefore, was for the jury.    The defendant's negligence was also for the jury."    The case doubtless lies close to the border line, and we may be in error, but we have not been negligent.    The opinion of the court shows that the case was fully examined, and carefully considered, and we can do no more.    The motion for a reargument should be denied, with $10 costs and disbursements.

---

### PULTZ, Respondent, v. MILLER, Appellant.

(Supreme Court, General Term, Second Department.    May 14, 1894.)

Appeal from Dutchess county court.
Action by Charles R. Pultz against William Starr Miller.

Esselstyn & McCarty, for appellant.
A. Lee Wager, for respondent.